UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TIMOTHY J. NEWELL,<br><br>    Plaintiff,<br><br>v.<br><br>COUNTY OF SAN DIEGO, ELIZABETH PALMER AND DOES 1-100 inclusive,<br><br>    Defendants. | Case No. 12cv1696-GPC (BLM)<br><br>**ORDER DENYING PLAINTIFF'S MOTION TO COMPEL THE PRODUCTION OF DEFENDANT PALMER'S PERFORMANCE EVALUATIONS**<br><br>[ECF No. 19] |

Currently before the Court is Plaintiff's April 19, 2013 motion for the production of Defendant Palmer's performance evaluations [ECF No. 19 ("MTC")] and Defendants' April 29, 2013 opposition. ECF No. 20 ("Oppo."). For the reasons set forth below, Plaintiff's motion is **DENIED**.

## **BACKGROUND**

On February 15, 2013, the parties in the above-entitled matter filed a joint hearing statement in accordance with the Court's Order setting a special briefing schedule [ECF No. 13]. ECF No. 16. In the joint statement, Plaintiff sought "[a]ny and all performance evaluations of PALMER from January 1, 2007 to the present." ECF No. 16 at 2. Defendant objected to Plaintiff's request arguing that performance evaluations "are not meant for public consumption" and that disclosure of these types of documents "could have [a]

substantial negative and far-reaching impact on the County of San Diego." Id. at 8.

On April 8, 2013, the Court issued an Order granting in part and denying in part Plaintiff's motion to compel documents. ECF No. 17. In the Order, the Court determined that it was unable to rule on whether or not Defendant Palmer's performance evaluations should be turned over to Plaintiff because Defendants did not submit any of Defendant Palmer's performance evaluations to the Court for *in camera* review. Id. at 11. Accordingly, the Court ordered Plaintiff to file a separate motion requesting Defendant Palmer's performance evaluations by April 19, 2013 if the documents were still at issue. Id. In the event that the motion was filed, Defendants were ordered to file any opposition and deliver any potentially responsive documents to the Chambers of Magistrate Judge Barbara L. Major for *in camera* review on or before April 29, 2013. Id. The Court stated that it would then take the matter under submission. Id.

On April 19, 2013, in accordance with the Court's Order, Plaintiff filed a motion for the production of Defendant Palmer's performance evaluations. ECF No. 19. Defendant filed a timely opposition and lodged the performance evaluations for the Court's review on April 29, 2013. ECF No. 20.

## LEGAL STANDARD

The federal rules generally allow for broad discovery authorizing parties to obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party, and "[f]or good cause, the court may order discovery of any matter relevant to the subject matter involved in the action." Fed. R. Civ. P. 26(b)(1). To the extent that the discovery sought is "unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive," the court is directed to limit the scope of the request. Fed. R. Civ. P. 26(b)(2)(c)(I). Limits should also be imposed where the burden or expense outweighs the likely benefits. Fed. R. Civ. P. 26(b)(2)(c)(iii). How and when to so limit discovery, however, remains in the court's discretion.

"In the context of discovery of confidential information in personnel files, even when

such information is directly relevant to litigation, discovery will not be permitted until a balancing of the compelling need for discovery against the fundamental right of privacy determines that disclosure is appropriate." <u>Liberty Mut. Ins. Co. v. California Auto. Assigned Risk Plan</u>, 2012 WL 892188, *3 (N.D. Cal., March 14, 2012) (citing <u>El Dorado Savings & Loan Assn. V. Superior Court</u>, 190 Cal. App.3d, 346 (1987)) (quoting <u>Cutter v. Brownbridge</u>, 183 Cal.App.3d 836, 843, (1986)). "[E]ven where strong public policy against disclosure exists, as in the case of personnel files, discovery is nonetheless allowed if (1) the material sought is "clearly relevant," and (2) the need for discovery is compelling because the information sought is not otherwise readily obtainable." <u>Matter of Hawaii Corp.</u>, 88 F.R.D. 518, 524 (D.C. Hawaii, 1980) (citing <u>New York Stock Exchange, Inc. v. Sloan</u>, 22 Fed.R.Serv.2d 500, 505 (S.D.N.Y.1976)) and <u>United States v. American Optical Co.</u>, 39 F.R.D. 580, 589 (N.D. Cal. 1966) (citations omitted).

## DISCUSSION

Plaintiff seeks to obtain the "performance evaluations of Defendant ELIZABETH PALMER, a San Diego Sheriff's Department Sergeant from January 1, 2007 to the present." MTC at 1 (emphasis in original). In support, Plaintiff argues that the performance evaluations are "relevant in terms of officer credibility," that "if Defendant PALMER had a history of violating standard practices and procedures-this information would go to the County of San Diego's knowledge of Defendant PALMER'S fitness as an employee," and that "the absence of materials documenting officer misconduct would tend to suggest [that Defendant Palmer] performed adequately and in accordance with department policies." Id. at 3. Plaintiff notes that the performance evaluations are not likely to be discoverable from any other source. Id.

In response, Defendants contend that "Plaintiff has failed to show the performance evaluations are relevant to his claims" or could "lead to admissible evidence" given that Plaintiff has not alleged that Defendant Palmer violated any County of San Diego practices or procedures. Oppo. at 1-2. Additionally, Defendants note that Defendant Palmer's credibility is not relevant to Plaintiff's constitutional claims or sufficient to permit a "fishing

expedition through Palmer's personnel file." Id. Finally, Defendants contend that the potential lack of negative materials in Defendant Palmer's performance evaluations does not support Plaintiff's argument for release of the files since Plaintiff "is not seeking to find out whether Palmer performed adequately on the day of the incident." Id. at 3. Defendants request that the Court deny Plaintiff's motion, however, in the alternative, Defendants ask the Court to limit any document production to one year prior to the alleged incident and "to those portions of the evaluations that relate to Plaintiff's claims in his Complaint." Id. at 3-4.

Plaintiff's request is **DENIED**. After conducting an *in camera* review of the lodged performance evaluations of Defendant Palmer from November 28, 2005 through November 27, 2010, the Court finds that the documents do not contain information relevant to the allegations contained in Plaintiff's complaint. In addition, the Court finds that Plaintiff's request for evaluations from January 1, 2007 to the present is overboard. In reaching its decision, the Court considered both the individual claims against Defendant Palmer and the claims of negligent hiring, training, retention, and supervision against the County. Defendant Palmer's performance evaluations do not contain any evidence to indicate that she had a history of violating the County of San Diego's standard practices and procedures or that her credibility was ever called into question. Accordingly, the Court finds that Plaintiff is not entitled to receive Defendant Palmer's performance evaluations and Defendants are **ORDERED** to retrieve from the Court's chambers all documents submitted for *in camera* review within five (5) days of the date this Order is filed.

**IT IS SO ORDERED**.

DATED: May 8, 2013

*Barbara L. Major*
BARBARA L. MAJOR
United States Magistrate Judge