# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TIMOTHY J. NEWELL,<br><br>　　　　Plaintiff,<br><br>v.<br><br>COUNTY OF SAN DIEGO, ELIZABETH PALMER AND DOES 1-100 inclusive,<br><br>　　　　Defendants. | Case No. 12cv1696-GPC (BLM)<br><br>**ORDER DENYING DEFENDANT'S REQUEST FOR COURT ASSISTANCE IN COORDINATING THE DEPOSITIONS OF LISA KAHN, ASIF KAHN, AND AMIR KAHN**<br><br>[ECF No. 27] |

Currently before the Court is Defendant County of San Diego's August 8, 2013 request for assistance from the Court in coordinating the depositions of Lisa, Asif, and Amir Kahn [ECF No. 27].

### **FACTUAL AND PROCEDURAL BACKGROUND**

On July 9, 2012, Defendants removed the instant matter to this Court from the Superior Court of the State of California. ECF No. 1. Plaintiff's complaint alleges that Defendants violated Plaintiff's civil rights. ECF No. 1-1. Specifically, Plaintiff alleges that he went to the Chula Vista branch of the San Diego Superior Court to see if there were any excess vehicles available for purchase. Id. at 3. When Plaintiff arrived at the court, he properly parked his car in a handicap parking space, exited his vehicle, and approached a chain link fence where he saw several Ford Crown Victoria vehicles that he thought might

be for sale. Id. Once at the fence, Plaintiff proceeded to take photographs of the cars. Id. Plaintiff alleges that as he made his way to the garage to obtain additional information about the cars, he was approached by Defendant Palmer who blocked his path and inquired as to why Plaintiff was parked in a handicap space. Id. at 4. When Plaintiff explained what he was doing, Defendant Palmer informed Plaintiff that she did not believe him and asked him to "shut up," "sit his ass on the bumper of his" car, and not to move. Id. Plaintiff alleges that this occurred after he informed Defendant Palmer that he was a retired San Diego Police Officer. Id.

Plaintiff alleges that he complied with Defendant Palmer's orders and that she made a call and additional deputies soon appeared. Id. Plaintiff next alleges that Defendant Palmer opened his car door and grabbed his wallet without his consent, and that Defendant Palmer would not allow Plaintiff to stand up and stretch when he began suffering from back spasms. Id. Plaintiff states that Defendant Palmer searched his wallet and questioned him as to who Lisa Kahn (Plaintiff's significant other) was and whether or not she was born in the United States. Id. Defendant Palmer next ordered a Deputy Sheriff to conduct a pat down on Plaintiff, which took place in full view of the general public, and proceeded to ask Plaintiff for his social security number and where he was born. Id. Defendant Palmer then allegedly told Plaintiff to stand for a photo as she continued to scroll through the pictures on Plaintiff's cell phone without his consent. Id. at 4-5. Next, Defendant Palmer ordered a deputy sheriff to run Plaintiff's license plate number as she searched his car. Id. at 5. Defendant Palmer soon informed Plaintiff that his vehicle registration was expired, he had an outstanding warrant for his arrest, and his license was suspended. Id. Plaintiff alleges that Defendant Palmer then inquired if Plaintiff's license was suspended due to his failure to make child support payments. Id. Defendant Palmer next had a deputy write a moving violation citation against Plaintiff for driving with a suspended license. Id. Finally, Plaintiff alleges that Defendant Palmer inquired as to whether or not Plaintiff had any scars or tattoos, ordered Plaintiff to delete any photographs that he had taken of the cars at the courthouse, and confiscated his car keys with a warning that he had twenty minutes to get

a ride home before his car would be towed. Id. Plaintiff was then released without being charged with a crime. Id. On July 15, 2013, Plaintiff filed a motion for leave to file a first amended complaint that is scheduled to be heard by Judge Curiel on October 18, 2013. ECF No. 25.

On August 1, 2013, someone from defense counsel's office contacted chambers via telephone and stated that they were seeking the Court's assistance in coordinating the depositions of nonparty witnesses. On August 2, 2013, the Court issued a briefing schedule requiring Defendant to file its motion on or before August 9, 2013, Plaintiff to file his opposition on or before August 16, 2013, and Defendant to file its reply, if any on or before August 23, 2013. ECF No. 26. Defendant filed its motion to compel on August 8, 2013. ECF No. 27. Plaintiff did not file an opposition to the motion and Defendant did not file a reply. See Docket.

## DISCUSSION

Defendants request the Court's assistance in coordinating the depositions of Lisa Kahn and her two sons who live with Plaintiff and who picked him up from the courthouse and drove him home on the night of the incident. ECF No. 27 at 1-2. In support, Defendant states that "[d]efense counsel attempted to have the Kahns served with deposition subpoenas, but the numerous service attempts were unsuccessful, and Plaintiff threatened physical harm to the process server." Id. Specifically, after asking the process server "[w]hat the fuck do you want?," Plaintiff told the process server that Lisa was not home and that he needed to "get the fuck off [Plaintiff's] property before [Plaintiff] kick[ed] his ass" before pushing the process server from behind. Declaration of David Brodie at 2. When the process server asked Plaintiff to refrain from touching him, Plaintiff responded "[g]o ahead and call the cops, they won't care, I am a cop. And if you come back to my property again I will beat your ass." Id. Defense counsel notes that he discussed the incident with Plaintiff's counsel who informed him that the Kahns were hesitant to participate in a deposition because they believed they would be asked about "illegal or terrorism-type activities." Id. at 3. After telling Plaintiff's counsel that he would only be

asking questions related to the incident which is the basis of this complaint, on July 4, 2013, Plaintiff's counsel stated that he would give the information to his client. Id. Since that conversation, Plaintiff's counsel has not responded to defense counsel despite the fact that defense counsel sent follow up emails on July 16, 2013 and July 26, 2013. In the last email, defense counsel told Plaintiff's counsel that he would contact the Court for assistance if he did not receive a response by July 26, 2013. Id. Defense counsel did not receive a response and seeks the Court's assistance so that he may take the Kahn's depositions without "risk[ing] physical harm" to anyone. Id. at 2.   Plaintiff has not opposed the motion. See Docket.

Federal Rule of Civil Procedure ("FRCP") 45 governs subpoenas issued to third parties. A subpoena is required to procure testimony or documents from one who is not a party to the action or controlled by a party to the action. FRCP 45. The subpoena must be served by a non-party who is at least eighteen years old. FRCP 45(b)(1). Service of a subpoena must be made by personally delivering a copy of the subpoena to the person being served and there is no substitute service. See Prescott v. County of Stanislaus, 2012 WL 10617, *3 (E.D. Cal. Jan. 3, 2012) (stating that "[p]ersonal service of a deposition subpoena is required by Fed.R.Civ.P. 45(b)(1)," that "[a] majority of courts interpret 'delivering' to require personal service," and noting that while "the Ninth Circuit has not issued a published opinion on this topic, more than a decade ago, in Chima v. United States Dep't of Defense, 23 Fed. Appx. 721 at *6–7 (9th Cir. Dec. 14, 2001), the Court issued an unpublished decision affirming trial court's refusal to compel compliance with subpoena that was served by mail") (citing San Francisco BART Dist. v. Spencer, 2006 U.S. Dist. LEXIS 73140 (N.D. Cal. Sept. 25, 2006); Alexander v. Cal. Dep't of Corr., 2011 U.S. Dist. LEXIS 34398 at *17–18 (E.D. Cal. Mar. 16, 2011) (personal service required under Rule 45(b)(1)); and Collagen Nutraceuticals, Inc. v. Neocell Corp., 2010 U.S. Dist. LEXIS 98228 (S.D. Cal. Sept. 17, 2010) ("Rule 45 mandates personal service for subpoenas.").

Here, Defendants have not properly served the Kahns with deposition subpoenas so the Court does not have authority to compel the depositions. Moreover, Defendants do not

state precisely what they are asking the Court to do, nor the legal basis for their request. While the Court understands and appreciates Defendants' frustration with Plaintiff's alleged conduct, Defendant fails to provide a citation to a single case, rule, or statute stating that this Court has the authority to compel the depositions of non-party witnesses who have not been properly subpoenaed.[1]  Accordingly, despite the fact that Defendants' motion is unopposed, it is **DENIED WITHOUT PREJUDICE**.

However, Plaintiff is warned that he may not interfere with Defendants' legitimate efforts to serve deposition subpoenas on the Kahns.

**IT IS SO ORDERED**.

DATED: September 5, 2013

_____
BARBARA L. MAJOR
United States Magistrate Judge

---

[1] In fact, the case law seems to indicate that the Court does not have any such authority. See Ulin v. Lovell's Antique Gallery, 2010 WL 3745824, *1 (N.D.Cal. Sept. 17, 2010) (recalling that the court previously "held that it had no authority to compel the deposition of a non-party witness where Plaintiff had not served him with a deposition subpoena" when deciding Plaintiff's motion to compel a deposition); see also Prescott, 2012 WL 10617, *3 (stating that "[b]ecause the subpoena was not properly served on Dr. Pick [who was not a party to the action], the Court lacks the authority to compel compliance with it").